J-S47026-23

**NON-PRECEDENTIAL DECISION – SEE SUPRIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMIEL JOHNSON :
:
Appellant : No. 1062 EDA 2023

Appeal from the PCRA Order Entered March 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0801541-2004

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED JANUARY 24, 2024**

Jamiel Johnson appeals *pro se* from the order denying his untimely-filed petition for post-conviction relief.  The lower court treated this as a serial petition under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  For the reasons that follow, we affirm.

The pertinent facts and procedural history are as follows:  In August 2003, Johnson stabbed another man in a crack house in Philadelphia, causing his death.  On September 21, 2005, a jury convicted him of first-degree murder and possession of an instrument of crime.  On November 2, 2005, the trial court sentenced him to an aggregate term of life without parole.  On March 7, 2007, this Court affirmed his judgment of sentence, and, on October 24, 2007, our Supreme Court denied his petition for allowance of appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

*Commonwealth v. Johnson*, 919 A.2d 289 (Pa. Super. 2007), *appeal denied*, 934 A.2d 1276 (Pa. 2007).

Johnson filed a timely, *pro se* PCRA petition on March 26, 2008, but later withdrew it. On October 2, 2008, he filed another *pro se* petition, as well as an amendment to that petition on March 18, 2009. On November 12, 2009, the PCRA court appointed counsel. After receiving several continuance requests, the PCRA court removed PCRA counsel and appointed new counsel. Ultimately, Johnson requested the right to proceed *pro se*. After conducting a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the PCRA court permitted Johnson to proceed *pro se*. Thereafter, Johnson supplemented his *pro se* PCRA petition.

On February 8, 2013, the Commonwealth filed a motion to dismiss Johnson's PCRA petition. On March 27, 2013, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Johnson's petition without a hearing. After being granted a continuance, Johnson filed a response. By order entered May 20, 2013, the PCRA court dismissed the petition. Johnson appealed. On September 16, 2014, this Court affirmed the denial of post-conviction relief. *See Commonwealth v. Johnson*, 107 A.3d 237 (Pa. Super. 2014) (non-precedential decision). Johnson did not seek further review.[1]

---

[1] Instead, Johnson filed an unsuccessful petition for writ of *habeas corpus* in the federal judicial system. *See Johnson v. Wetzel*, 2019 WL 2339966 (E.D.Pa. 2019).

On September 22, 2020, Johnson filed a "Motion to Correct or Modify Illegal sentence," which he subsequently supplemented with multiple filings. In these later documents, Johnson contended that his 2020 motion should be treated as a petition for *habeas corpus* relief not subject to the time restrictions of the PCRA. The PCRA court treated the 2020 motion as a second PCRA petition. On January 23, 2023, the PCRA court issued Rule 907 notice of its intent to dismiss Johnson's second petition as untimely filed and establishing no time-bar exception. Johnson filed a response. By opinion and order entered March 15, 2023, the PCRA court dismissed Johnson's petition.[2] This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Johnson raises multiple substantive issues on appeal.[3] Before we consider their merits, however, we first note that the PCRA court properly considered his latest filing for post-conviction relief as a serial PCRA petition. **See** 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus*");

_____

[2] On March 20, 2023, Johnson filed a motion in which he stated that he was not properly served with the order denying his second PCRA petition. As a result, the PCRA court reentered its order and opinion on April 13, 2023.

[3] Johnson has filed an application for leave to supplement his brief with a "subsidiary claim" that the trial court "lacked clear statutory authorization" to sentence him to life imprisonment without parole for his first-degree murder conviction. As explained **supra**, because we lack jurisdiction to consider this claim, we deny Johnson's application as moot.

*Commonwealth v. Descardes*, 136 A.3d 493, 499 (Pa. 2016) (explaining that "claims that could be brought under the PCRA must be brought under that Act. . . . A claim is cognizable under the PCRA if the . . . conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2)").

Treating Johnson's latest filing as a PCRA petition, we must next determine whether the PCRA court correctly concluded that it was untimely filed, and that Johnson failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Johnson's judgment of sentence became final on January 22, 2008, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Johnson had until January 21, 2009, to file a timely petition. As Johnson filed the petition at issue in 2020, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Johnson has failed to plead and prove any exception to the PCRA's time bar. Instead, he maintains that his request for *habeas corpus* relief exists outside the parameters of the PCRA. The PCRA court summarily rejected this claim:

> Instantly, [Johnson] makes no attempt to invoke an exception to the PCRA's time bar, [] arguing instead that the PCRA does not apply to his claims. It does. [Johnson's] erroneous denial of the PCRA's applicability falls short of satisfying his burden of demonstrating that one of the three statutory exceptions to the PCRA's timeliness requirement applies to his petition.

PCRA Court Opinion, 3/15/23, at unnumbered 3 (citations omitted).

Our review of the record supports the PCRA court's conclusion. Section 9543(a)(2)(vii) specifically affords relief under the PCRA when an illegality of sentence claim is raised. "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or of the exceptions thereto. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). A PCRA petitioner must present an illegal sentencing claim in a timely PCRA petition over which we have jurisdiction. ***Id. See also Commonwealth v. Whitehawk***, 146 A.3d 266 (Pa. Super. 2016). Otherwise, the petitioner is too late to obtain relief, and the sentence will stand.

In sum, Johnson's 2020 petition is cognizable under the PCRA, but it is untimely, and Johnson has failed to establish a time-bar exception. As such, both the PCRA court and this Court lack jurisdiction to consider his substantive claims. ***Derrickson***, ***supra***.

Application for leave to supplement brief denied. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/24/2024